IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS SEVENTH DISTRICT RETIREMENT BENEFIT AND TRUST FUND, <br><br>  Plaintiff <br><br> VS. <br><br> EDNA MUNIZ, MARANDA M. CABEZUELA, JUSTIN CABEZUELA, AND KIMBERLY A. RUTLEDGE (CABEZUELA), <br><br>  Defendants <br><br> AND IN THE INTERESTS OF THE ESTATE OF RAUL FERNANDO CABEZUELA, DECEASED | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. |

# COMPLAINT IN INTERPLEADER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

The Board of Trustees of the International Brotherhood of Electrical Workers Seventh District Retirement Benefit and Trust Fund, Plaintiff, complains of and against Edna Muniz, Maranda M. Cabezuela, Justin Cabezuela, and Kimberly A. Rutledge (Cabezuela), hereinafter referred to as Defendants, and for cause of action would respectfully show the Court as follows:

I.

**PARTIES**

1. **Plaintiff, the Board of Trustees of the International Brotherhood of Electrical Workers Seventh District Retirement Benefit and Trust Fund ("Trust Fund")**, is the Administrator of an employee pension benefit plan within the meaning of Sections 3(2) and

1

502(d)(1) of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. Sections 1002(2) and 1132(d)(1).  The Trust Fund is a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. Sections 1002(37).  The Board of Trustees of the Trust Fund is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1), 29 U.S.C. Section 1132(d)(1).  The purpose of the Trust Fund is to provide retirement benefits to eligible participants on whose behalf Employers contribute under the Collective Bargaining Agreements between Participating Employers and Local Unions.  The Trust Fund maintains it office at 418 South Polk, Suite 200, Amarillo, Texas 79101.

2. **Defendant, Edna Muniz**, is an individual who may be served with process by serving her at her residence at 530 West Main Street #27, Fernley, Nevada 89408.

3. **Defendant, Maranda M. Cabezuela**, is an individual who may be served with process by serving her at her residence at 404 W 31st Street, Odessa, Texas 79764.

4. **Defendant, Kimberly A. Rutledge (Cabezuela)**, is an individual who may be served with process by serving her at her residence at 5911 Oak Creek Drive, Midland, Texas 79707.

5. **Defendant, Justin Cabezuela**, is an individual who may be served with process by serving him at his residence at 482 Buoy Road, Webster, Texas 77598.

II.

**NATURE OF THE ACTION AND JURISDICTION**

6. This is a Complaint in Interpleader by the Board of Trustees of an employee pension benefit plan to determine who is entitled to the pension benefits of Raul Fernando Cabezuela, now deceased.  This Complaint alleges that Raul Cabezuela, deceased, was a vested participant entitled to certain pension benefits of the Trust Fund.  This Complaint further alleges

that the Board of Trustees of the Trust Fund claims no title to or interest in the pension benefits of Raul Fernando Cabezuela and is ready and willing to pay the same to the person or persons entitled to receive them, but the Board of Trustees of the Trust Fund is unable to make that determination without hazard to itself.  To date, two of the Defendants, Maranda M. Cabezuela and Kimberly A. Rutledge (Cabezuela), have filed competing claims with the administrative manager of the Trust Fund for all or part of the proceeds; however, based upon information and belief, all other Defendants have made it known that competing claims will be filed.  The Board of Trustees of the Trust Fund is ready and willing to deposit all pension benefits of Raul Fernando Cabezuela into the Registry of the Court, or some person duly authorized by the Court to receive such pension benefits in trust pending the outcome of this lawsuit.  This Complaint alleges that the determination of the proper beneficiary of pension benefits is governed by ERISA.  Jurisdiction is conferred upon this court under ERISA §502, 29 U.S.C. §1132, and by the Multiemployer Pension Plan Amendments Act of 1980, 94 Stat. 1208 (29 U.S.C. §§1132 and 1451).  Jurisdiction is further conferred upon this court under 28 U.S.C. §1331 based upon a federal question.  Two of the Defendants have availed themselves upon the jurisdiction by filing a claim for the pension benefits at issue within the jurisdiction of this court.

      7.     Venue properly lies within the Northern District of Texas, Amarillo Division, where the Trust Fund is administered, and service of process may be made on Defendants in any other district in which they may be found under ERISA Section 502(e)(2), 29 U.S.C. Section 1132(e)(2).

III.

**INTERPLEADER IS PROPER**

8. Raul Fernando Cabezuela divorced his first wife, Rosaleen Cabezuela, on April 26, 2018, and through a qualified domestic relations order dated September 20, 2018 assigned 50% of his pension benefit to the former-spouse as of April 26, 2018.

9. Raul Fernando Cabezuela and Edna Muniz, Defendant, entered into and subsequently signed a Confidential License and Certificate of Marriage ("Marriage License") on August 22, 2018, in Bakersfield, Kern County, California. Five days later, on August 27, 2018, Raul Fernando Cabezuela died from an unresolved mortal gunshot wound to his head that initially was listed as a suicide. The marriage license was officially "accepted" by Edna Muniz that same day – August 27, 2018 – and was issued after his death on August 29, 2018.

10. Upon information and belief, the marriage between Raul Fernando Cabezuela and Edna Muniz is void because they did not live at the same address as spouses at the time they applied for the Marriage License as required under California Family Code Section 500, and the Marriage License likely was not perfected under Section 500 until after Raul Fernando Cabezuela's death.

11. To enter into a valid confidential marriage in the State of California, the two parties must be living together at the same address on the date the parties apply for a Marriage License. The address listed on the Cabezuela-Muniz Marriage License is: P.O. Box 912, Fernley, Nevada 89408. However, the address on file with the Trust Fund and the address listed on Raul Fernando Cabezuela's death certificate is 530 W. Main Street, Space 4, Fernley, Nevada 89408, a Recreational Vehicle (RV) park. Upon information and belief, Edna Muniz was residing at a different RV Park and did _not_ reside at the 530 W. Main Street address at that time.

The Washoe County Health District Certificate of Death issued for Raul Fernando Cabezuela listed Edna Muniz's address as P.O. Box 912, Fernley, Nevada 89408, while Raul Fernando Cabezuela's address was listed as 530 West Main Street, Fernley, Nevada.  Therefore, Raul Fernando Cabezuela and Edna Muniz likely did not live together at any point before, during, or after the attempted marriage.

12. In Kern County, California, the county where the Marriage License was obtained, the license must be completed by the person performing the marriage ceremony and then returned to the Kern County Clerk's Office within 10 days after the ceremony.  Because the Marriage License provides that it was accepted on the same day as the date of Raul Fernando Cabezuela's death, it may not have been submitted to the Kern County Clerk's Office prior to his death.

13. According to Trust Fund records, Raul Fernando Cabezuela's survivors included his children, Maranda M. Cabezuela, Justin Cabezuela, and Kimberly A. Rutledge (Cabezuela). At the time of his death, Raul Fernando Cabezuela was a vested participant in the Trust Fund, and his defined contribution account under the Trust Fund is the focus of this action.

14. The Trust Fund is an express trust created under an Agreement and Declaration of Trust between multiple Local Unions within the International Brotherhood of Electrical Workers and multiple employers and employers' associations in the electrical-construction industry.  The multiemployer and multi-local union Trust Fund was created and now exists subject to the provisions of Section 302, L.M.R.A. (29 U.S.C. Section 186).  The Trust Fund is obligated to make pension benefit payments to the plan participants and beneficiaries once they qualify. Following the death of Raul Fernando Cabezuela, his qualified beneficiaries were entitled to receive his pension benefits.

15. As of the date of the filing of this Complaint in Interpleader, two of the above-named Defendants have filed an application for benefits; however, all Defendants could be considered a potential qualified beneficiary under the beneficiary succession provisions of the Trust Fund.

16. The following exhibits are attached and made a part of this complaint:

Exhibit 1: A copy of the Agreed Final Decree of Divorce filed in the District Court of Ector County, Texas, 446th Judicial District, regarding the marriage of Rosaleen Carrasco Cabezuela and Raul Fernando Cabezuela, and in the interest of daughter Maranda M. Cabezeula, filed April 26, 2018;

Exhibit 2: A copy of the Domestic Relations Order filed in the District Court of Ector County, Texas, 446th Judicial District, regarding the marriage of Rosaleen Carrasco Cabezuela and Raul Fernando Cabezuela, filed September 20, 2018;

Exhibit 3: A copy of the Duplicate Confidential License and Certificate of Marriage between Raul Fernando Cabezuela and Edna Muniz with the marriage "Issue Date" being August 22, 2018, the "Date Accepted for Registration" being August 27, 2018, and the "Date Issued" being August 29, 2018;

Exhibit 4: A copy of the Washoe County Health District Certificate of Death for Raul Cabezuela, date of death August 27, 2018, in Reno, Nevada; and

Exhibit 5: A copy of Kimberly A. Rutledge's (Cabezuela) Application for Benefits dated November 2, 2021.

Exhibit 6: A copy of Maranda M. Cabezuela's Application for Benefits dated November 3, 2021.

17. Upon information and belief, the Board of Trustees of the Trust Fund cannot determine the appropriate beneficiary or beneficiaries, and therefore cannot distribute the deceased's benefits without substantial risk to the Trust Fund.

18. The Board of Trustees of the Trust Fund claims no right, title or interest in the pension benefits and is ready, willing, and able to deposit all pension benefits in the account of Raul Fernando Cabezuela into the Registry of this Court; or to deposit the account with some person or persons duly authorized by the Court to receive such benefits in trust pending the outcome of this litigation; or, upon this Court's Order, to maintain the account balance in Trust fully invested as Raul Fernando Cabezuela intended, pending the decision of the Court, at which time the Board of Trustees of the Trust Fund can offer to distribute the proceeds of the account balance, as the Court deems proper, to the person or persons entitled to receive them.

19. There is no collusion now nor has there been collusion at any time between the Board of Trustees of the Trust Fund and the Defendants as to this action or as to the disposition of the pension benefits.

20. The Board of Trustees of the Trust Fund has no means other than this action of protecting itself against the potential for multiple litigation as to the pension benefits of Raul Fernando Cabezuela.

21. The Board of Trustees of the Trust Fund requests this court, under Federal Rule of Civil Procedure 22, or alternatively, 28 U.S.C., Sections 1335, 1397, 2361 to permit this Complaint in Interpleader, resolve the issues presented by the multiple claims as set forth herein, and discharge the Board of Trustees of any liability regarding the pension benefits of Raul Fernando Cabezuela.

22. The Board of Trustees of the Trust Fund further requests the court award it reasonable attorney's fees and costs of court. The court has discretion whether to award costs and attorney's fees to the "stakeholder," the party initiating the Interpleader. *Pressman v. Estate of Steinvorth*, 886 F. Supp. 365, 366-67 (S.D. N.Y. 1995). To assess attorney's fees and costs in favor of the stakeholder, the court must find that (1) the stakeholder was disinterested, (2) the stakeholder conceded liability, (3) the stakeholder deposited the disputed funds into the court, and (4) the stakeholder sought discharge from liability. *Septembertide Pub., B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2nd Cir. 2d Cir. 1989). The Trust Fund has met or will meet each of the above criteria in order to permit an award of reasonable attorney's fees by the Court.

23. Depending upon the final decision of this Court, which will necessarily have a direct effect upon the type of benefits to be paid by Plaintiff under the Trust Fund on behalf of Raul Fernando Cabezuela, those benefits shall be deposited with the Clerk of this Court as they become due under the terms of the Trust Fund and under ERISA and the Internal Revenue Code.

## PRAYER

The Board of Trustees of the Trust Fund requests that Defendants be cited, in terms of law, to appear and answer herein and upon final hearing hereof, the Board of Trustees of the Trust Fund have judgment as follows:

  a. That the court determine the proper beneficiary or beneficiaries entitled to the pension benefits of Raul Fernando Cabezuela payable from the Trust Fund;

  b. That the Board of Trustees of the Trust Fund be directed to deposit all unpaid pension benefits of Raul Fernando Cabezuela into the registry of the Court, except for the benefits already paid to beneficiary Rosaleen Cabezuela, as they become

   due, or to some person or entity duly authorized by the Court in trust pending the outcome of this litigation;

c.  That the Board of Trustees of the Trust Fund and the Trust Fund be discharged from this lawsuit and released from any and all claims, demands, causes of action, and damages; or any rulings by this Court that could be asserted by any claimant for a part or all of the pension benefits of Raul Fernando Cabezuela, except the benefits already paid to Rosaleen Cabezuela, whether known or unknown;

d.  That the Court issue a Restraining Order that Defendants be prohibited from instituting or continuing any other proceeding to advance any claims against the Trust Fund or its Board of Trustees in any form whatsoever or as to the pension benefits as stated herein;

e.  That the Board of Trustees of the Trust Fund be awarded all reasonable attorney's fees which refer or relate to the Board of Trustees of the Trust Fund's preparation and participation in the above-styled and numbered cause of action in Interpleader;

f.  That the Board of Trustees of the Trust Fund be awarded all costs of court incurred herein; and

g.  That the Board of Trustees of the Trust Fund be awarded such other and further relief as the Court deems just.

Respectfully submitted,

  /s/   Douglas M. Selwyn
Douglas M. Selwyn
State Bar No. 18022250
dselwyn@cwlaw.com
Ashley L. Selwyn
State Bar No. 24088390
aselwyn@cwlaw.com
808 Travis Street, 23rd Floor
Houston, Texas 77002
Telephone: (713) 650-3850
Facsimile: (713) 650-3851

ATTORNEYS IN CHARGE FOR PLAINTIFFS

OF COUNSEL:
CONNER & WINTERS, LLP
808 Travis Street, 23rd Floor
Houston, Texas 77002