IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS SEVENTH DISTRICT RETIREMENT BENEFIT AND TRUST FUND, | § § § § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:22-CV-128-BR |
| EDNA MUNIZ, MARANDA M. CABEZUELA, JUSTIN CABEZUELA, and KIMBERLY A. RUTLEDGE (CABEZUELA), | § § § § § | |
| Defendants, | § § | |
| AND IN THE INTERESTS OF THE ESTATE OF RAUL FERNANDO CABEZUELA, DECEASED. | § § § | |

**MEMORANDUM OPINION AND ORDER**

This matter arises out of competing interests in the pension benefits of Raul Fernando Cabezuela.[1] The parties represent to the Court that there are competing claims between Mr. Cabezeula's children and his purported spouse, Edna Muniz. Ms. Muniz has not appeared in this action and the Clerk has entered a default against her. (ECF 18). Those parties that have appeared now move the Court for a default judgment against Ms. Muniz and an order to distribute the pension funds in question to the children of Mr. Cabezuela.[2] (ECF 29).

**I.   BACKGROUND**

Raul Cabezuela died of an "unresolved gunshot wound to his head" on or about August 22,

---

[1] The Court will refer to Raul Fernando Cabezuela herein as Mr. Cabezuela to distinguish him from his children, who, along with Ms. Muniz, are Defendants in this action and bear the same surname.

[2] Though the Amended Motion, (ECF 29), was filed by Plaintiff, the children of Mr. Cabezuela support the relief requested therein. (*Id.* at 7).

1

2018. (*Id.* at 2). According to Plaintiff's attorney's statement at the Rule 16 conference, Plaintiff ("the pension fund") promptly paid out one half of Mr. Cabezuela's pension benefits to his former spouse. This disbursement is unchallenged by the parties. The pension fund instituted this action to determine the rightful recipient(s) of the remaining benefits.

The question of who the correct beneficiary is arises out of an alleged marriage that took place between Mr. Cabezuela and Ms. Muniz five days before Mr. Cabezuela's death. (*Id.*). The pension fund alleges that the marriage is and was void under the applicable provisions of California law, the state where the purported marriage took place. (*Id.*).

The regulations governing disbursement of pension fund benefits dictate that the spouse of Mr. Cabezuela, as the participant, is the default recipient of the benefits. (ECF 22 at 31–32). In the event there is no lawful spouse, the regulations require the benefits be distributed in equal shares to the beneficiary's children. (*Id.* at 32). Therefore, if the marriage between Mr. Cabezuela and Ms. Muniz is invalid, the benefits go to Mr. Cabezuela's children, Defendants Kimberly Rutledge (née Cabezuela), Maranda Cabezuela, Justin Cabezuela (collectively, "the Cabezuela children").

The Cabezuela children join in the pension fund's assertion the marriage is void and, according to their attorney's statements at the Rule 16 conference, believe they are entitled to the remaining benefits equally. Nevertheless, two of the Cabezuela children previously submitted applications to the pension fund asserting they each were entitled to the full remainder of benefits. (ECF 1-6 at 2; ECF 1-7 at 2).

Finally, upon resolution of this action, the pension fund requests that its costs associated with this action be taxed against the benefits to be awarded and that it receive indemnity as to the benefits in question.

## II.   STANDARD OF REVIEW

### A. Immunity, Fees, and Costs

When a fiduciary faces multiple, mutually exclusive claims for the same funds or property, it

may institute an interpleader action to free itself from vexatious litigation. *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 364 (5th Cir. 1983). When assessing whether a fiduciary may bring an interpleader, and thus obtain attendant immunity from further suit, the merits of the competing claims are irrelevant. *Id.* All that matters is the existence of competing claims. *Id.*

A fiduciary may seek attorneys' fees in interpleader actions provided it is a disinterested stakeholder and not in substantial controversy with one of the claimants. *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999); *see also United of Omaha Life. Ins. Co. v. Womack-Rodriguez*, 461 F.Supp.3d 455, 471–72 (W.D. Tex. 2020). Fees and costs are generally awarded against the interpleader funds but may be taxed against a party if their conduct justifies it. *Womack-Rodriguez*, 461 F.Supp.3d at 471–72 (citations omitted).

**B. Default Judgment**

The Fifth Circuit has adopted a three-step process to obtain a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a party must be in default. That is, it must have failed to "appear or otherwise defend" themselves in an action. Fed. R. Civ. P. 55(a). Second, the Clerk must enter a default upon proper application by a party. *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party must apply to the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141; *EW Polymer Group, LLC v. GSX International Group, Inc.*, --- F.Supp.3d ---, 2022 WL 3453518, *2 (M.D. La. 2022).

Once a party files a motion for default judgment, courts must administer a two-part test to determine whether a default judgment should be entered. *EW Polymer Group*, 2022 WL 3453518, *2. First, a court must consider whether, under the circumstances, an entry of default judgment is appropriate. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Several factors are relevant to this inquiry, including (1) whether there are material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or mistake; (5) the harshness of default judgment; and (6)

3

whether the court would think itself obliged to set aside the default on a proper motion by the relevant defendant. *Id.*; *see also EW Polymer Group*, 2022 WL 3453518, *2. However, default judgments are only "available where the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted).

The second issue for a court to assess is the merits and validity of the movant's claims. *Nishimatsu Constr. Co. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *EW Polymer Group*, 2022 WL 3453518, *2.

### i. Entitlement to Pension Benefits

The pension plan specifies its rules, somewhat confusingly, concerning beneficiaries in its plan regulations. (ECF 22 at 31–32). The plan states in Section 7.04 that in the event of the participant's death, and to the extent the participant is not subject to Section 7.10 (which does not appear in the pension plan's filings before the Court), the spouse of a participant shall receive half of the pension benefits unless they are waived. (*Id.* at 31). Participants are also able to designate primary or secondary beneficiaries to receive benefits. (*Id.*). In the event the participant does not do so, any benefits are payable to the participant's spouse. (*Id.* at 32). If there is no spouse, the benefits are payable to the participant's children. (*Id.*).

### III. ANALYSIS

#### A. Immunity, Fees, and Costs

The Court begins with the propriety of this action and the pension fund's immunity because it does not require an examination of the merits of the underlying claims of the Cabezuela children, only their existence.[3] As to that issue, the Court finds competing claims sufficient for the pension

---

[3] This is in contrast to the determination on whether a default is appropriate, when the merits are weighed. *Compare Corrigan Dispatch Co.*, 696 F.2d at 364, *with Nishimatsu Constr. Co.*, 515 F.2d at 1206, *and EW Polymer Group*, 2022 WL 3453518, *2.

4

fund to have appropriately commenced this interpleader action. Kimberly Rutledge and Maranda Cabezuela separately submitted claims to the pension fund asserting entitlement to the benefits in full. (ECF 1-6 at 2; ECF 1-7 at 2). This is sufficient to begin an interpleader action because although the Cabezuela children are now united in interest, the fact that two of the three previously submitted independent claims wherein each asserted an individual entitlement to the full benefit amount, suggests that was not always so. The pension fund was well within its rights to institute this action and seek a final determination rather than potentially face suit from one, both, or perhaps all three Cabezuela children over the benefits.[4] Therefore, the Court finds the pension fund should be immune from any further litigation in this matter.

An award of fees and costs is within the discretion of the Court, to be taxed against the benefits. *Rhoades*, 196 F.3d at 603. The pension fund has requested such an award, (ECF 29 at 4), and provided an affidavit specifying its expenses thus far. (ECF 28). Because the pension fund is a disinterested stakeholder, is not in substantial controversy with a claimant, has acted in good faith, and promptly moved this case toward prompt resolution, the Court finds an award is reasonable and necessary.[5] The pension fund will be permitted to deduct the full amount specified in its amended affidavit from the benefits' principal before distribution in accordance with this opinion.

**B. Default Judgment**

Having determined that this interpleader action is proper, the Court now turns to the default judgment sought against Ms. Muniz. To date, Ms. Muniz has failed to appear or defend the action in a timely fashion, and the Clerk has entered a default against her. (ECF 18). The pension fund has now

---

[4] Left unsaid is the claim of Ms. Muniz. The record before the Court does not indicate she ever submitted a claim on behalf of herself. The pension fund's attorney asserted at the Rule 16 conference that fact did not matter – her mere existence as a potential spouse was enough to create a competing claim. The Court will not address whether that is true because the independent claims of the Cabezuela children are sufficient to establish a basis for interpleader. *See Corrigan Dispatch*, 696 F.2d at 364.

[5] There is no evidence in the record to suggest the pension fund is anything but a disinterested stakeholder and not in substantial controversy with a claimant. *Rhoades*, 196 F.3d at 603; *Womack-Rodriguez*, 461 F.Supp.3d at 471–72. For that reason, the Court finds accordingly.

moved for a default judgment. (ECF 29).

Ms. Muniz has failed to answer or file a rule 12 motion in response to the Complaint. (ECF 1). As a result, there are no issues of material fact outstanding. Likewise, there appears no evidence in the record before the Court that indicates substantial prejudice or that the failure by Ms. Muniz to respond or appear was the result of a good faith mistake or excusable neglect. The grounds for default have been clearly established by the materials before the Court. (ECF 22; ECF 29). While a default judgment is harsh and disfavored on public policy grounds in favor of a decision on the merits, such a decision cannot be had here because of the failure to appear. Similarly, the harshness of a default judgement is mitigated by her failure to appear. Finally, the Court is aware of and can find no facts or circumstances that would give good cause to set aside a default judgment should Ms. Muniz appear later. Therefore, the Court finds the *Lindsey* factors weigh in favor of default judgment. See *Lindsey*, 161 F.3d at 893; *see also EW Polymer Group*, 2022 WL 3453518, *2.

### i. Entitlement to Pension Benefits

Before a concluding default judgment is appropriate, however, the Court must consider whether there is a viable claim for relief. The pension fund asserts, and the Cabezuela children agree, that the marriage between Ms. Muniz and Mr. Cabezuela is *void ab initio*. (ECF 21 at 2–3). By nature of her failure to appear, Ms. Muniz admits that assertion as true. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

The marriage being deemed invalid then, and because Mr. Cabezuela did not formally designate a beneficiary, the Cabezuela children are deemed the beneficiaries under the terms of the pension plan. (ECF 29 at 2).

Because the claim for relief advanced by the pension plan, namely, the award of the outstanding benefits to the Cabezuela children, is valid, the Court finds that a default judgement against Ms. Muniz is appropriate.

## IV.     CONCLUSION

Accordingly, the pension plan's Amended Motion for Default Judgment Against Edna Muniz and Final Judgment in favor of Maranda Cabezuela, Justin Cabezuela, and Kimberly Rutledge is GRANTED. The pension plan is hereby afforded absolute immunity from suit as to the benefits of Mr. Cabezuela and is directed to promptly disburse said benefits to Maranda Cabezuela, Justin Cabezuela, and Kimberly Rutledge in equal shares after deducting its fees and costs in the amount of $26,784.89.[6] (ECF 28).

IT IS SO ORDERED.

ENTERED November 17, 2022.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE

---

[6] The benefits at issue in this matter were not entered into the registry of the Court, as would be normal in interpleader cases, by agreement of the parties, as their attorneys stated at the Rule 16 conference. Because the Court is not in possession of the funds, final distribution will be the responsibility of the pension fund, to be conducted in accordance with this opinion and final judgment. The Court leaves to the pension fund's sound discretion the question of whether to distribute the benefits to the Cabezuela children directly or through their attorney.